E-FILED
Monday, 13 July, 2026  09:25:50 AM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

| | |
|---|---|
| STEVEN BELL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) **Case No. 3:26-cv-3110** |
| | ) |
| DENESSA ARMSTRONG, Warden, | ) |
| | ) |
| Respondent. | ) |

## OPINION

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court is Petitioner Steven Bell's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and Motion for Preliminary Injunction (Doc. 2), and Respondent's Motion to Dismiss (Doc. 7). For the reasons below, the Court GRANTS Respondent's Motion to Dismiss and DISMISSES Petitioner's Petition for Writ of Habeas Corpus without prejudice. The Court DECLINES to issue a certificate of appealability.

## I.   BACKGROUND[1]

At the time of filing this Petition, Petitioner was finishing serving three concurrent imprisonment sentences imposed for his Illinois convictions for reckless discharge of a firearm (Knox County, Case No. 23CF289), possession of methamphetamine of less than five grams (Hancock County, Case No, 23CF102), and theft of property (Hancock County,

---

[1] Unless otherwise noted, the facts are taken from the undisputed facts in Respondent's Response. *See* 28 U.S.C. § 2248 ("The allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true.").

Case No, 23CF101). On April 22, 2026, after filing this Petition, Respondent reports that Petitioner was released onto mandatory supervised release (MSR).  (Doc. 7 at 1).

Petitioner's Petition challenges the loss of good conduct credit during his incarceration. Specifically, on February 5, 2026, Petitioner was found guilty of two prison violations: (1) possession of electronic contraband (offense number 109) and (2) abuse of privileges (offense number 310). These charges were based on Petitioner's use of another inmate's tablet to make a three-way call. In addition to other sanctions, Petitioner was sanctioned with the revocation of one month of good conduct credit.

Petitioner filed two grievances related to his disciplinary proceedings on February 10, 2026. First, Petitioner filed a grievance alleging that he was "adjudicated guilty [without] the mandatory review of a hearing investigator, violating [his] constitutional right to due process." Petitioner had marked this grievance as emergent, but it was deemed non-emergent. So, it was returned Petitioner with instructions to submit it according to the standard grievance procedure. 20 Ill. Admin. Code § 504.840(c). Second, Petitioner filed a second grievance with the same allegation using the standard grievance process. Respondent reports that, as of May 7, 2026, the grievance remains pending. (Doc. 7 at 3). However, Respondent also notes that the IDOC Final Summary Report shows that, contrary to Petitioner's claim in his grievance, Petitioner's disciplinary proceeding was assigned a hearing investigator. *Id.*

Petitioner filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) on March 30, 2026, alleging that the disciplinary proceeding violated his right to

due process. Respondent filed a motion to dismiss based on lack of exhaustion. (Doc. 7). Petitioner has not filed a timely reply.

## II.   DISCUSSION

"Federal habeas courts reviewing the constitutionality of a state prisoner's conviction and sentence are guided by rules designed to ensure that state-court judgments are accorded the finality and respect necessary to preserve the integrity of legal proceedings within our system of federalism." *Martinez v. Ryan*, 566 U.S. 1, 9 (2012). One of these rules is that a state prisoner must exhaust adequate and available state remedies before filing a petition for habeas corpus in federal court. 28 U.S.C. § 2254(b) and (c). The same statutory provision that mandates the exhaustion requirement also establishes two exceptions: "(1) if there is no state corrective process available; or (2) if circumstances exist which render such process ineffective to protect the prisoner's rights." 28 U.S.C. § 2254(b)(1)(B); *Sceifers v. Trigg*, 46 F.3d 701, 703 (7th Cir. 1995).

In Illinois, a State corrective process exists. A petition for writ of mandamus pursuant to 735 ILCS 5/14-101, *et seq.*, is "the established means for an Illinois inmate to challenge in court a disciplinary decision and is also a prerequisite for Illinois prisoners challenging disciplinary actions in federal court by bringing a § 2254 petition in federal court." *Donelson v. Pfister*, 811 F.3d 911, 915 (7th Cir. 2016); *McAtee v. Cowan*, 250 F.3d 506, 508–09 (7th Cir. 2001). Since there is a corrective process available to Petitioner, the only issue is whether "circumstances exist which render such process ineffective to protect [Petitioner's] rights." *Id.* "[S]tate-law remed[ies] can become ineffective or unavailable by virtue of delay if the delay is both inordinate and attributable to the state." *Evans v. Wills*,

66 F.4th 681, 682 (7th Cir. 2023) (citations omitted). "The law does not demand perfection from the State, just steady movement that shows its judicial processes are effectively 'protect[ing] the rights of the applicant.'" *Id.* (citing § 2254(b)(1)(B)(ii)).

Petitioner did not even attempt to file a petition for writ of mandamus pursuant to 735 ILCS 5/14-101 in Illinois state court prior to filing this federal petition.[2] So, there is no basis to find that the state court process was ineffective or unavailable. Accordingly, the Court dismisses Petitioner's Petition as unexhausted.

### III.   CERTIFICATE OF APPEALABILITY

Should Petitioner wish to appeal this decision, he must obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a claim is resolved on procedural grounds, a certificate of appealability should issue only if reasonable jurists could disagree about the merits of the underlying constitutional claim *and* about whether the procedural ruling was correct. *Flores-Ramirez v. Foster*, 811 F.3d 861, 865 (7th Cir. 2016). Here, the Court does not find that reasonable jurists could disagree that Petitioner's claims are unexhausted. Accordingly, the Court declines to issue a certificate of appealability.

### IV.   CONCLUSION

---

[2] It may be questionable whether the IDOC's administrative remedy procedures adequately protected Petitioner's rights when his good time credits were revoked in a disciplinary proceeding at the very end of his prison sentence, and the IDOC did not respond to his grievance prior to his release. By the Respondent's own admission, Petitioner's grievance was filed on February 10, 2026, through the proper channels, but not responded to by the time of Petitioner's release on April 22, 2026. However, even if the administrative remedies were inadequate, Petitioner still had an obligation to pursue his state court remedies by filing a petition for a writ of mandamus prior to filing a federal petition.

Accordingly, the Court GRANTS Respondent's Motion to Dismiss (Doc. 7), DISMISSES Petitioner Steven Bell's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1), and DECLINES to issue a certificate of appealability. Petitioner's pending Motion for Preliminary Injunction (Doc. 2) is DISMISSED as moot. The Clerk is DIRECTED to issue judgment in favor of Respondent and CLOSE the case.

Signed on this 13th day of July 2026.

/s/ Colleen R. Lawless
Colleen R. Lawless
United States District Judge